```
                                                    FILED

                                                 JUN 0 1 2009
      IN THE UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF ILLINOIS       CLERK, U.S. DISTRICT COURT
                                            SOUTHERN DISTRICT OF ILLINOIS
                                                EAST ST. LOUIS OFFICE
```

DARIOUS R. JEFFERSON,
    PETITIONER,

                                         Case. No. 3:99CR30117-002

VS

                                         Hon. Judge Herndon

UNITED STATES OF AMERICA,
    RESPONDENT.
_____/


### PETITIONERS PRO-SE MOTION TO
### REDUCE SENTENCE PURSUANT TO 18 U.S.C. 3582 (c)(2)

    NOW COMES, Darious R. Jefferson, (HEREINAFTER "PETITIONER") proceeding pro-se submits the following Motion to Reduce Sentence Pursuant to 18 U.S.C. section 3582(c)(2).

    Petitioner seeks relief from the sentence imposed upon him by this court on September 22, 2000. Specifically, Petitioner request's that this Court award him the benefits of the recent amendment 706 and 711 to the United States Sentencing Guidelines that was made retroactive on March 3, 2008. The amendment lowered the base offense levels applicable to most cocaine base "crack" offenses, in which Petitioner fits the criteria of a reduction.

    IN Petitioners case, the adjustment of his base offense level would yield a BOL of 32, reducing from 34, and his criminal history remains the same at category 2, taking the original guideline from 168-210 months (where Petitioner received 210 months) to

135-168 months. The Petitioner moves for re-sentencing with a sentence of 135 months imposed.

For the reasons that follows, Petitioner is entitled to relief he seeks and respectfully moves the court for re-sentencing pursuant to 18 U.S.C. section 3582(c)(2) with a sentence of 135 months imposed.

## BACKGROUND

On September 22, 2000, Petitioner was sentenced following a return of guilty verdict by the trial jury, which Petitioner was found guilty of the following. (CT 1) 21 U.S.C. section 846 Conspiracy to Distribute & PWID Cocaine Base; (CT 2) 21 U.S.C. Maintaining a Place for Purpose of Distributing Cocaine Base; and (CT 3) 21 U.S.C. 841(a)(1) PWID Cocaine Base. Additionally, Petitioner was found guilty of 18 U.S.C. section 924(c) which carried a 60 month consecutive sentence. According to the record, Petitioner was held responsible for 50 to 150 grams of cocaine base.

At the time of sentencing, Petitioner received 210 months to be followed by a consecutive 60 month term, totaling his sentence at 270 months.

### PETITIONERS SENTENCE WAS BASED UPON A GUIDELINE RANGE THAT HAS SUBSEQUENTLY CHANGED IN THE MEANING OF 3582(c)(2)

Petitioner is entitled to re-sentencing because his sentence was "based upon a guideline range that has been subsequently lowered." Petitioner seeks a reduction in accordance with Amendment 706 to U.S.S.G. section 2D1.1 to the United States Sentencing

Guidelines which changed the offense level under U.S.S.G. section 2D1.1(c) for drug convictions involving cocaine base or "crack." Application of the amendment in this case would effect a two-level reduction in Petitioner's original base offense level and result in a two-level reduction Petitioner ultimately received.

Title 18 U.S.C. section 3582(c)(2) states:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. subsection 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

There is no question as to whether Petitioners sentence was based upon a range that has subsequently been lowered by the United States Sentencing Commission. Subsection 3582(c)(2) applies to Petitioner and he is entitled to re-sentencing and a consequuent reduction in the term of his sentence.

This District Court now has the authority to reduce Petitioners sentence pursuant to Amendment 706 and reduce the sentence by two-levels. However, this District Court also holds the discretion to sentence Petitioner to a non-guideline sentence. See United States v Taylor, 520 F.3d 748 (7th Cir. 2008)(holding that, in any event, Kimborough, following Booker, allows a judge to sentence below the guideline range).

-3-

Booker made it clear that a mandatory system is no longer an open choice. When Petitioner was originally sentenced, the U.S.S.G. were being applied in a mandatory fashion. Now, in this day and age, the Court must apply the guidelines as advisory.

Additionally, if this court is willing to exercise its discretion favorably to Petitioner, this Honorable Court can impose an advisory non-guideline sentence of 120 months, which is Petitioners mandatory minimum for the cocaine base charges. A sentence of 120 months for the cocaine base is a just and fair sentence.

### Section 3553(a) Factors

The statutory frame work in which the Court sentences the federal criminal defendant supports Petitioner's motion for re-sentencing here.

Section 3582(c)(2) requires the Court to consider the factors set forth in 18 U.S.C. subsection 3553(a) to the extent they are applicable and consistent with applicable policy statements by the Sentencing Commission.

Section 3553(a) provides that:

> The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider-(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-(A) to reflect the serious of the offense, to promote respect for the law and to provide just punishment for the offense; (B) to mandate that a sentence be

"sufficient, but not greater than necessary to comply with the purpose of sentencing".

Those sentencing factors specifically contemplate consideration of the characteristics and seriousness of the offense, factors encompassed by U.S.S.G. subsection 2D1.1. Kimbrough also makes it clear that this Court can consider the Sentencing Commission's view that the crack offense levels prior to November 1, 2007, were excessive, in other words, deemed more serious that they really were, for purposes of determining the appropriate sentence in a given case. Accordingly, it is clear that the **fact that the Commission believed that crack offenses were treated to seriously.** The amended guideline under which Petitioner was sentenced would be a factor relevant to the Sentencing Court at the sentencing of the Petitioner. Indeed, our Supreme Court has observed in the context of sentencing that "the extent of the difference between a particular sentence and the recommended Guideline is surely relevant." Gall, 128 S.Ct. at 591.

Based on the foregoing, Petitioner requests resentencing with an advisory sentence of 120 months, if this Court so chooses to exercise it's discretion further than the two level reduction. The modest request for a sentence at the low end of the range is reasonable and would reflect a sentence that would be sufficient, but not greater than necessary to comply with the statutorily identified purposes of sentencing.

Petitioner prays for relief that is just and proper.

Respectfully Submitted,

/s/ Darious Jefferson
DARIOUS R. JEFFERSON

## CERTIFICATE OF SERVICE

    I, Darious R. Jefferson, hereby certify that I have forwarded the original and one copy of this motion pursuant to section 3582(c)(2) and amendment 706 to the District Court for the Southern District of Illinois; one to be forwarded to United States Assistant Attorney.

    These documents were placed in the FCI Milan Institutions Mail Box on this 28th day of May 2009.

/s/ Darious Jeff_____
DARIOUS R. JEFFERSON
REG. NO. 04848-025
FCI MILAN
PO BOX 1000
MILAN, MI 48160